# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Edgar F.,
**Petitioner Below, Petitioner**

**FILED**

**October 28, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 15-1210** (Fayette County 15-C-182)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edgar F.,[1] pro se, appeals the November 12, 2015, order of the Circuit Court of Fayette County denying his petition for a writ of habeas corpus. Respondent State of West Virginia, by counsel Zachary Aaron Viglianco, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2002, petitioner was convicted by a jury of one count of first degree sexual abuse and three counts of sexual abuse by a custodian. The circuit court sentenced petitioner to one to five years of incarceration for first degree sexual abuse, pursuant to West Virginia Code § 61-8B-7, and ten to twenty years of incarceration for each of his convictions for sexual abuse by a custodian, pursuant to West Virginia Code § 61-8D-5. However, by subsequent order entered March 20, 2009, the circuit court corrected petitioner's sentences for sexual abuse by a custodian by reducing each of those sentences to five to fifteen years of incarceration in accordance with the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

version of West Virginia Code § 61-8D-5 in effect at the time of petitioner's crimes. The circuit court left unchanged its order that petitioner serve his sentences consecutively.

Petitioner filed a petition for a writ of habeas corpus in 2010. The circuit court denied that habeas petition by order entered August 3, 2010, and appointed an attorney to represent petitioner on appeal. In *[Edgar F.] v. Ballard* ("*Edgar F. I*"), No. 11-0564, 2012 WL 3055451, at \*2 (W.Va. June 22, 2012) (memorandum decision), this Court affirmed the circuit court's August 3, 2010, order on the ground that the circuit court did not err in ruling on petitioner's habeas petition without an evidentiary hearing and appointment of counsel for such a hearing. However, this Court directed the circuit court to rule on ten grounds for habeas relief that, due to an oversight, the circuit court failed to address in its August 3, 2010, order. *Id.*

By order entered December 12, 2012, the circuit court found that each of the ten remaining grounds for habeas relief was without merit. One of the ten grounds of relief was a claim by petitioner that his sentences under West Virginia Code § 61-8D-5 were unconstitutionally disproportionate to his offenses. The circuit court rejected this claim, finding that "[t]he sentences originally imposed, and subsequently corrected, clearly comply with [West Virginia Code § 61-8D-5], [and] do not violate any provisions of the West Virginia or United States Constitutions." The circuit court explained that petitioner was previously a school principal and a school teacher who "was convicted of sexually abusing male children" and that "[t]he sentences imposed for those crimes were . . . clearly appropriate given the seriousness of the crimes[.]" The circuit court appointed an attorney to represent petitioner in an appeal of its December 12, 2012, order denying habeas relief. In *[Edgar F.] v. Ballard* ("*Edgar F. II*"), No. 13-0031, 2013 WL 5967036, at \*4 (W.Va. November 8, 2013) (memorandum decision), this Court affirmed the denial of habeas relief. This Court again rejected petitioner's claims that an evidentiary hearing was necessary and that appointment of counsel was required for such a hearing. *Id.* at \*2. In so ruling, this Court adopted and incorporated the circuit court's December 12, 2012, order, by reference, finding it to be "well-reasoned." *Id.* at \*3.

Petitioner filed a second habeas petition in 2014, alleging that his appellate counsel in *Edgar F. I* was ineffective. The circuit court denied the second habeas petition by order entered July 7, 2014. In *[Edgar F.] v. Ballard* ("*Edgar F. III*"), No. 14-0815, 2015 WL 3680998, at \*3 (W.Va. June 12, 2015) (memorandum decision), this Court affirmed the denial of habeas relief, finding that the circuit court correctly rejected petitioner's claim that his attorney in *Edgar F. I* was ineffective.

Petitioner filed the instant habeas petition on July 16, 2015, alleging that West Virginia Code § 61-8D-5 was unconstitutional for numerous reasons, including that (1) convictions obtained under West Virginia Code § 61-8D-5 violate double jeopardy; (2) a person convicted pursuant to West Virginia Code § 61-8D-5 does not have adequate notice of the conduct that is criminalized thereunder; (3) sentences imposed pursuant to West Virginia Code § 61-8D-5 are unconstitutionally disproportionate; and (4) at the time of petitioner's crimes, the title of West Virginia Code § 61-8D-5 failed to state that it meant to prohibit sexual abuse of children. The circuit court denied the habeas petition by order entered November 12, 2015, finding that petitioner's many attacks on West Virginia Code § 61-8D-5's constitutionality were "frivolous

and without merit."[2]

Petitioner now appeals the circuit court's November 12, 2015, order denying habeas relief. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In syllabus point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), we held that a court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."

On appeal, petitioner contends that he is entitled to an evidentiary hearing and appointment of counsel based on the decision of the Supreme Court of the United States in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). Respondent counters that the Supreme Court's decision in *Martinez* does not apply to petitioner's case. We agree with respondent and find that *Martinez* is distinguishable. In petitioner's habeas petition, he did not make the same allegation that was at issue in *Martinez* (that ineffective assistance of counsel was inadequately raised in the first habeas proceeding). Instead, petitioner made a series of constitutional arguments on which the circuit court was able to rule without a hearing or appointment of counsel.

We find that, in ruling that petitioner's many arguments were frivolous and without merit, the circuit court noted that several of the challenges to West Virginia Code § 61-8D-5's constitutionality were rejected by this Court in prior decisions. *See Edgar F. II*, 2013 WL 5967036, at *10-11 (rejecting petitioner's claim that his sentences under West Virginia Code § 61-8D-5 were unconstitutionally disproportionate);[3] *State v. Cook*, 228 W.Va. 563, 571-72, 723 S.E.2d 388, 396-97 (2010) (rejecting defendant's claims that (1) his right to due process was violated because he was not on notice that his conduct would constitute a crime at the time of his offenses; and (2) his sentence pursuant to West Virginia Code § 61-8D-5 was unconstitutionally disproportionate); *State v. Gill*, 187 W.Va. 136, 143-44, 416 S.E.2d 253, 260-61 (1992) (rejecting defendant's contention that West Virginia Code § 61-8D-5 violated double jeopardy by subjecting

---

[2]Contrary to petitioner's contention, we find that the circuit court's determination that his habeas petition was without merit constituted a sufficient basis on which to deny the petition given the frivolity of the arguments made therein. *See infra.*

[3]We note that, pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure, our memorandum decision in *Edgar F. II* constitutes a decision on the merits.

3

him to multiple punishments).

We further find that nearly all of petitioner's other arguments regarding the constitutionality of West Virginia Code § 61-8D-5 are based on a premise we rejected in *Gill*. In syllabus point 9 of *Gill*, we held that the offense of sexual abuse by a custodian pursuant to West Virginia Code § 61-8D-5, "is a separate and distinct crime from [the] general sexual offenses [set forth in Chapter 61, Article 8B of the West Virginia Code]." 187 W.Va. at 138, 416 S.E.2d at 255. Therefore, we find that petitioner ignores syllabus point 9 of *Gill* by repeatedly referring to West Virginia Code § 61-8D-5 as an "enhancement statute" that allows the State to bring a "companion" charge in addition to a "base offense" found in Chapter 61, Article 8B.

Finally, we find that the only argument not refuted by our reasoning in *Gill* is petitioner's contention that, at the time of petitioner's crimes, the title of West Virginia Code § 61-8D-5 failed to state that it meant to prohibit sexual abuse of children in violation of Article VI, § 30 of the West Virginia Constitution. However, petitioner concedes that, at the time of his offenses, West Virginia Code § 61-8D-5's title included the phrase "sexual abuse by a parent, guardian, or custodian." Petitioner complains only that the title did not refer to the sexual abuse of "a child." We find that an argument that such an omission violated Article VI, § 30 of the West Virginia Constitution is frivolous. *See* Syl. Pt. 2, *State ex rel. City of Charleston v. Bosely*, 165 W.Va. 332, 268 S.E.2d 590 (1980) ("When the principal object of an act of the legislature is expressed in the title, and the act embraces, along with such principal object other incidental or auxiliary objects germane to the principal object, the act is not repugnant to [Article VI, § 30] of the constitution[.]") (internal quotations and citations omitted). Therefore, we find that the circuit court did not err in finding that petitioner's many attacks on West Virginia Code § 61-8D-5's constitutionality were frivolous and conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's November 12, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** October 28, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman

4